UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DELTA COATINGS, INC.                                          CIVIL ACTION

VERSUS                                                        NO. 15-222-BAJ-RLB

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA

## ORDER

Before the Court is Defendant Travelers Property Casualty Company of America's ("Defendant") Motion to Compel (R. Doc. 12) filed on May 2, 2016. Defendant seeks an order requiring Delta Coatings, Inc. ("Plaintiff") to provide full and complete initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and full and complete responses to Defendant's First Set of Interrogatories and Requests for Production. In addition, Defendant requests an extension of the May 20, 2016 non-expert discovery deadline for the limited purpose of allowing Defendant to conduct any depositions it deems necessary after the disclosures, responses, and productions are provided by Plaintiff.

Any opposition to this motion was required to be filed within 21 days after service of the motion. LR 7(f). Plaintiff has not filed an opposition as of the date of this Order. The motion is therefore unopposed.

On July 21, 2015, the Court entered a Scheduling Order providing that Rule 26(a)(1) initial disclosures must be exchanged by August 31, 2015 and that non-expert discovery must be completed by May 20, 2016. (R. Doc. 11).

On January 29, 2016, Defendant propounded its First Set of Interrogatories and Requests for Production on Plaintiff. (R. Doc. 12-8).

After the deadline to provide initial disclosures, defense counsel requested Plaintiff's counsel to provide Plaintiff's initial disclosures and/or checked on the status of Plaintiff's initial disclosures through various emails and letters between September 11, 2015 and April 22, 2016. (R. Doc. 12-2; 12-3; 12-4; 12-5; 12-6). Defendant represents that its counsel phoned Plaintiff's counsel on March 18, 2016 to discuss both the outstanding Rule 26(a)(1) initial disclosures and the outstanding responses to Defendant's written discovery requests. (R. Doc. 12-1 at 2; *see* R. Doc. 12-6). On March 24, 2016, defense counsel sent a letter to Plaintiff's counsel asking to discuss both the outstanding initial disclosures and discovery responses. (R. Doc. 12-6).

Defendant represents that Plaintiff has not provided any Rule 26(a)(1) initial disclosures or responses to the written discovery requests as of the date of the instant motion. (R. Doc. 12-1 at 2).

If a party fails to respond to provide initial disclosures and responses to written discovery, the opposing party may move to compel responses. Fed. R. Civ. P. 37(a)(3)(A)-(B). Rule 37(a)(1) requires a motion to compel to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Defendants submit a Rule 37(a)(1) certification reiterating defense counsel's attempts to discuss and/or obtain Plaintiff's initial disclosures and discovery responses as discussed above. The certification further provides that "[c]ounsel for the parties subsequently exchanged emails in which they agreed to extend the discovery deadline in this case in order to accommodate depositions the necessity of which would become apparent by virtue of plaintiff's production of its initial disclosures and its responses to [Defendant's] Written Discovery Requests (should the necessity of such depositions become apparent once plaintiff has made its productions)" and that

the "parties agreed that such extension would be 45 days after plaintiff's productions." (R. Doc. 12-10 at 2). The certification does not state the dates on which these discussions took place. In addition, the certification does not indicate whether Defendant provided Plaintiff with any additional time to provide initial disclosures and discovery responses before it would file the instant motion. For these reasons, and because Plaintiff has not requested an award of expenses, the Court will not award expenses to defense counsel despite granting the instant motion. *See* Rule 37(a)(5)(A).

Plaintiff has not opposed this motion or otherwise filed an indication in the record that initial disclosures and/or responses to written discovery requests have been provided. As Plaintiff did not make any timely objections, the Court finds that it has waived its objections to Defendants' Interrogatories and Requests for Production, with the exception of those pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckla Servs., Inc.*, No. 09-cv-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege.").

Based on the foregoing, the Court will require Plaintiff to provide its initial disclosures and written discovery responses, without objection based on relevance, undue burden, overbreadth, or any other objection not grounded on any applicable privileges or immunities, no later than 7 days from the date of this Order. In addition, considering the procedural posture of this action, the Court finds good cause pursuant to Rule 16(b)(4) to extend the non-expert

discovery deadline as requested by Defendant. This extension may require a continuance of the Court's other pre-trial deadlines, which can be addressed through another appropriate motion.

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion (R. Doc. 12) is **GRANTED**. Plaintiff must provide its Rule 26(a)(1) initial disclosures and responses to Defendant's First Set of Interrogatories and Requests for Production, including the production of any non-privileged responsive documents, no later than **7 days** from the date of this Order. These responses must be made without objections, except to assert any applicable privileges and/or immunities.

**IT IS FURTHER ORDERED** that the deadline to file all discovery motions and complete all discovery except experts is extended to **July 22, 2016** for the sole purpose of providing Defendant the opportunity to review Plaintiff's initial disclosures and discovery responses and schedule and take any depositions it deems necessary. Discovery is closed with regard to Plaintiff.

Signed in Baton Rouge, Louisiana, on June 2, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**