UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DELTA COATINGS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-222-BAJ-RLB** |
| **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA** | |

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 21, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DELTA COATINGS, INC.**                                              **CIVIL ACTION**

**VERSUS**                                                                      **NO. 15-222-BAJ-RLB**

**TRAVELERS PROPERTY CASUALTY**
**COMPANY OF AMERICA**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 14). The motion is opposed. (R. Doc. 20). Plaintiff has filed a Reply. (R. Doc. 27).

**I.     Background**

On March 11, 2015, Delta Coatings, Inc. ("Plaintiff") filed a Petition for Damages in the 23rd Judicial District Court, Ascension Parish, Louisiana. (R. Doc. 1-2 at 3). Plaintiff alleged that two barges moored at Momentive Specialty Chemical facility docks "collided, hit, landed upon and/or scraped against" the docks, causing damage to the docks and the barges themselves. (R. Doc. 1-2 at 3-4). Following the incident, Travelers Property Casualty Company of America ("Defendant") was notified, through its agent, of the resulting damages. (R. Doc. 1-2 at 3-4). Plaintiff asserts that Defendant denied coverage, and as a result, Plaintiff paid for the repairs to the "barges and/or dock" himself. (R. Doc. 1-2 at 4). Plaintiff seeks recovery of damages in an amount greater than $50,000 but less than $75,000. (R. Doc. 1-2 at 4).

Defendant filed a Notice of Removal on April 13, 2015, asserting that the Court has diversity jurisdiction under 28 U.S.C. § 1332 and admiralty jurisdiction under 28 U.S.C. § 1333. (R. Doc. 1). In support of diversity jurisdiction, Defendant alleges that there is complete

1

diversity between the parties[1] and that the amount in controversy requirement is satisfied. (R. Doc. 1 at 2).  Defendant also asserts that various invoices submitted by Plaintiff for reimbursement demonstrate that Plaintiff is seeking, in the aggregate, more than the jurisdictional amount of $75,000. (R. Doc. 1 at 3-4).

On June 17, 2016, over one year after the action was removed, Plaintiff moved for remand on the basis that the requisite amount in controversy was not met to support diversity jurisdiction. (R. Doc. 14-1 at 1).

## II.     Arguments of the Parties

In support of remand, Plaintiff asserts that this claim is for "damages to barges and the Momentive Specialty Chemical facility docks." (R. Doc. 14-1 at 4).[2]  Plaintiff argues that the repairs to the barges and docks did not cost more than $75,000. (R. Doc. 14-1 at 4). Additionally, Plaintiff submits an affidavit of Joseph Marshall, President of Delta Coatings, Inc., which stipulates that Plaintiff seeks damages of less than $75,000 and that Plaintiff will not "seek, nor attempt, or accept any sum in excess of $75,000." (R. Doc. 14-2 at 2).  Thus, Plaintiff asserts that this case must be remanded for lack of diversity jurisdiction. (R. Doc. 14-1 at 4).

In opposition, Defendant argues that Plaintiff's claim exceeds $75,000 and meets the amount in controversy requirement for diversity jurisdiction. (R. Doc. 20 at 1).  Defendant asserts that Plaintiff submitted invoices totaling $108,386.81 for repairs to the barges and docks (R. Doc. 20 at 3), and produced copies of the underlying invoices in support of this assertion (R. Doc. 20-2 through R. Doc. 20-11).  Defendant argues that this summary-judgment type evidence rebuts Plaintiff's stipulation. (R. Doc. 20 at 5).  Further, Defendant argues that even if Plaintiff

---

[1] Defendant alleges that Plaintiff is a citizen of Louisiana and that Defendant is a citizen of Connecticut. (R. Doc. 1 at 3).  There is no dispute regarding the citizenship of the parties.
[2] In Reply, Plaintiff asserts that its claim is limited to recovery for damages to the barges. (R. Doc. 27 at 2).

2

were able to establish a lack of diversity jurisdiction, this Court has original jurisdiction over the claim pursuant to its admiralty and maritime jurisdiction under 28 U.S.C. § 1333. (R. Doc. 20 at 6). Defendant contends that while removal of a maritime action may not be proper, Plaintiff "waived any argument that this case could not be removed" by not filing a motion to remand within the 30-day period required by 28 U.S.C. § 1447(c) to challenge procedural defects. (R. Doc. 20 at 8).

### III. Law and Analysis

#### A. Legal Standards for Removal

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Subject matter jurisdiction must exist at the time of removal. *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). If it appears that the court lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

#### B. Diversity Jurisdiction

Subject matter jurisdiction on the basis of diversity of citizenship is governed by 28 U.S.C. § 1332. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Because there is no dispute regarding citizenship, the sole issue with regard to diversity jurisdiction is whether the requisite amount in controversy is satisfied.

3

When removal is sought on the basis of diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. 1446(c)(2). However, when the state "does not permit demand for a specific sum," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B).

The removing defendant carries the burden of proof of establishing that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may meet his burden by demonstrating that it is facially apparent that the claims are likely above $75,000 or by setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

Where a district court must determine whether it is facially apparent that the plaintiff's claims meet the jurisdictional threshold, "the proper procedure is to look only at the face of the complaint and ask whether the amount in controversy was likely to exceed [$75,000]." *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). When this test is not met, the district court may require the parties to "submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." *Id*.

4

### 1.  Whether the Jurisdictional Minimum is Facially Apparent

The amount in controversy in this action is not facially apparent.  Plaintiff does not specify a particular amount of damages in its complaint. (R. Doc. 1-2 at 4).[3]  Instead, Plaintiff provides only a numerical range of $50,000 through $75,000, presumably to demonstrate that the action meets the jurisdictional amount for assertion of a right to jury trial in state court, but fails to meet the jurisdictional amount for the exercise of federal diversity jurisdiction. (R. Doc. 1-2 at 4).  The foregoing range of damages asserted in the Petition is not binding on the Plaintiff "because a Louisiana state court can award all damages to which it feels a plaintiff is entitled, regardless of what is plead in the petition." *Johnson v. Macy's Dep't Store*, No. 14-226, 2014 WL 5822788, at *7 (M.D. La. Nov. 10, 2014); *see* La. C. Civ. P. art. 862 ("[A] final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings").  There is no other information pertinent to determining the value of Plaintiff's claim based solely on the Petition.

---

[3] Generally, a plaintiff is prohibited from doing so in a petition filed in a Louisiana state court, pursuant to Louisiana Code of Civil Procedure article 893(A)(1), which provides the following: "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate." La. Code Civ. P. art. 893(A)(1).  The foregoing prohibition on alleging a specific amount of damages, however, "is not applicable to a suit on a conventional obligation, promissory note, open account, or other negotiable instrument . . . ." La. Code Civ. P. art. 893(B).  Under Louisiana law, an insurance policy is a conventional obligation. *Fed. Sav. & Loan Ins. Corp. v. Shelton*, 789 F. Supp. 1355, 1358 (M.D. La. 1992) (citing *Schroeder v. Board of Supervisors of Louisiana State University*, 591 So.2d 342 (La. 1991)).  Accordingly, article 893(A)(1) did not prohibit Plaintiff from praying for a specific amount of damages sought pursuant to a breach of the conventional obligation between the parties.

5

## 2. Whether the Ambiguity Regarding the Jurisdictional Amount at the Time of Removal Has Been Clarified

Because the amount in controversy is not facially apparent, the Court must determine whether the ambiguity regarding the jurisdictional amount at the time of removal has been clarified through the submission of summary judgment-type evidence. Defendant submitted evidence in support of a finding that the amount in controversy requirement has been satisfied. Plaintiff submitted an affidavit providing that the amount in controversy requirement is not satisfied.

At the time of removal, Defendant submitted various invoices to demonstrate that Plaintiff's claim exceeds $75,000. (R. Doc. 1 at 3-4). The invoices detailed in the Notice of Removal total $86,470.81. (R. Doc. 1 at 3-4). Defendant provided the invoices identified in the Notice of Removal, and an additional $21,916.00 in invoices, for a total of $108,386.81 for repairs to the barges and dock. (R. Doc. 20-2 through R. Doc. 20-11). Plaintiff asserts in its Reply that it "has never had the intention to collect damages for the Momentive Specialty docks, only for its barges," which amounts to $62,656.94. (R. Doc. 27 at 2). Plaintiff does not dispute that it submitted all of the invoices identified by Defendant as part of its insurance claim; instead, Plaintiff disputes that it seeks recovery in this civil action for damages to the dock despite its submission of an invoice for $45,729.87 for repairs to the dock. (R. Doc. 20-11).

This position is inconsistent with Plaintiff's allegations in the Petition and other assertions in the record. The Petition plainly asserts that both the barges and docks were damaged; that Defendant was notified of these damages; and that Defendant "denied coverage to the two . . . barges, and apparently damages to the dock," on the basis that the barges were not listed in a particular clause of the policy. (R. Doc. 1-2 at 3-4). Plaintiff asserts that it is "entitled to damages <u>for the items set forth above</u> in such amounts as are reasonable in the premises." (R.

6

Doc. 1-2 at 4) (emphasis added).  Furthermore, in a document filed with the Court, Plaintiff asserts that both its barges and the dock were damaged; repairs were required to both the barges and the dock to place them back into operational order; Defendant denied coverage on Plaintiff's claims; and that Plaintiff has fully paid for all damages to both barges and the dock. (R. Doc. 10 at 1-2).  Indeed, in its initial memorandum in support of remand, Plaintiff asserts that "this case is essentially for damages to barges and the Momentive Specialty Facility docks." (R. Doc. 14-1 at 4).  Based on these assertions, it is clear that Plaintiff intended to recover damages for both the barges and the dock at the time of removal.  Moreover, Plaintiff makes no attempt at explaining why it submitted an invoice to Defendant concerning repairs to the dock (R. Doc. 20-11) for recovery in its insurance claim when Plaintiff now claims that it is not seeking recovery for damages to the dock in the instant lawsuit.

Plaintiff also has submitted an affidavit of Joseph Marshall, President of Delta Coatings, Inc., stipulating that Plaintiff seeks damages of less than $75,000. (R. Doc. 14-2).  The stipulation is considered binding because Plaintiff expressly renounces its right to recover more than $75,000. *See McGlynn v. Huston*, 693 F. Supp. 2d 585, 593 (M.D. La. 2010) (plaintiff's stipulation was not binding because it failed to "provide that he will not accept more than [$75,000] in the event he is awarded that amount in state court").  The affidavit provides no particular information regarding the claims in this action, however, and does not demonstrate that, at the time of removal, Plaintiff only sought recovery for damage to the barges.

Based on the foregoing, the Court concludes that the Defendant met its burden of demonstrating that, at the time of removal, the amount in controversy requirement was satisfied.  Furthermore, Plaintiff has not come forward with any evidence providing that, at the time of removal, there was a "legal certainty" that Plaintiff would not recover over $75,000.  At most,

7

Plaintiff argues that contrary to the assertions in the Petition and other representations by Plaintiff in the record, Plaintiff is not seeking recovery for damage to the dock. As discussed below, Plaintiff's post-removal unilateral stipulation has no direct bearing on the amount in controversy at the time of removal.

### 3. Whether Plaintiff's Post-Removal Stipulation Divests the Court of Jurisdiction

The Fifth Circuit has endorsed a narrow situation in which a unilateral post-removal stipulation can clarify that the amount in controversy is not satisfied where the following three elements have been met: "(1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above $[75],000; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present." *Marcel v. Pool Company*, 5 F.3d 81, 85 (5th Cir. 1993) (quoting *Asociacion Nacional de Pescadores (ANPAC) v. Dow Quimica de Colombia S.A.,* 988 F.2d 559, 565 (5th Cir.1993); *see also McGlynn*, 693 F. Supp. 2d at 596 (considering post-removal affidavit regarding the amount in controversy where defendant "failed to carry his burden of proof upon removal and the amount in controversy remains ambiguous"); *Royal Cosmopolitan, LLC v. Star Real Estate Group, LLC*, 629 F.Supp.2d 594, 597 (E.D. La. 2008) ("When the amount in controversy is ambiguous, as it is here, the nonremoving party may submit [a post-removal] affidavit to clarify the amount of damages sought.").

The Court finds that the narrow grounds announced in the *ANPAC* decision are not applicable here. First, although it was not facially apparent from the Petition that the amount in controversy was satisfied, the ambiguity was resolved in favor of jurisdiction in light of the

8

invoices submitted by Plaintiff in support of its insurance claim. Second, Defendant made it clear in its Notice of Removal that it believed the amount in controversy requirement was satisfied on the basis that the Plaintiff had submitted invoices (including invoices for repairs to the dock) that exceeded the amount in controversy requirement. Third, the unilateral stipulation offered by Plaintiff in this action was not timely made.[4] In short, Plaintiff's stipulation appears to be nothing more than an improper post-removal attempt to stipulate away the jurisdictional amount to defeat diversity jurisdiction.

### C.    Admiralty and Maritime Jurisdiction

Because the Court has determined it has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, it need not determine whether it may also exercise admiralty and/or maritime jurisdiction over this action pursuant to 28 U.S.C. § 1333.

### IV.    Conclusion

Based on the foregoing, Defendant met its burden of demonstrating that the amount in controversy was satisfied at the time of removal. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

**IT IS THE RECOMMENDATION** of the magistrate judge that the Motion to Remand (R. Doc. 14) be **DENIED.**

Signed in Baton Rouge, Louisiana, on October 21, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] In *ANPAC,* the relevant affidavit was filed into the record with the plaintiffs' motion to remand just one month after removal. *ANPAC*, 988 F.2d at 562. Here, Plaintiff has waited over one year to stipulate that its claim does not exceed $75,000.