UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DELTA COATINGS, INC.**                                           CIVIL ACTION

**VERSUS**

**TRAVELERS PROPERTY CASUALTY**              NO.: 15-00222-BAJ-RLB
**COMPANY OF AMERICA**

### RULING AND ORDER

Before the Court is the **Motion of Travelers Property Casualty Company of America for Summary Judgment (Doc. 28)** filed by Defendant. Defendant seeks an order from this Court granting summary judgment in its favor on Plainitff's claims, which relate to Defendant's denial of insurance coverage in connection with an incident that occurred on December 29, 2013, involving two barges that were chartered by Plaintiff. Specifically, Defendant argues that the three insurance policies that were effective on the date of the incident exclude coverage for an incident of this nature. Plaintiff did not submit a memorandum in opposition to the Motion.[1] For the reasons explained herein, the **Motion of Travelers Property Casualty Company of America for Summary Judgment (Doc. 28) is GRANTED.**

---

[1] On August 26, 2016, Plaintiff filed a Motion for an extension of its deadline to submit a memorandum in opposition to Defendant's Motion for Summary Judgment. (*See* Doc. 29). Plaintiff subsequently filed an Amended Motion, requesting the same relief. (*See* Doc. 30). The Court granted Plaintiff's Amended Motion and set the deadline for Plaintiff's submission of its memorandum in opposition for twenty-one days following the Court's issuance of a ruling on Plaintiff's Motion to Remand. (*See* Doc. 36). On January 18, 2017, the Court denied Plaintiff's Motion to Remand. (*See* Doc. 39). On the same date, the Court issued a separate Order, elaborating that pursuant to its previous Order, the deadline for Plaintiff to submit a memorandum in opposition was February 8, 2017. (*See* Doc. 41). As of the issuance of this Ruling and Order, Plaintiff has not submitted a memorandum in opposition, nor has it put forth any reasons for its neglect.

1

## I. BACKGROUND[2]

On December 29, 2013, two barges – MCD-304 and LL-101 – sustained damages while moored at the Momentive Specialty Chemicals dock ("MSC Dock") on the Mississippi River in Geismar, Louisiana. The barges also caused damage to the MSC Dock itself. At the time that the damage occurred, Plaintiff had contracted to charter the barges from Creole Chief, Inc. ("Creole Chief").

Defendant insured Plaintiff under three policies at the time that the damage occurred: a Protection and Indemnity Policy ("P&I Policy"), a Bumbershoot Liability Policy ("Bumbershoot Policy"), and a Marine General Liability Policy ("MGL Policy").

Regarding the P&I Policy and the Bumbershoot Policy, neither of the barges were listed in the Schedule of Vessels for which coverage was provided by Defendant. Exclusion (D) of the P&I Policy excludes coverage for any damage to or caused by property chartered by Plaintiff. Exclusion (3) of the Bumbershoot Policy excludes coverage for any damage to or caused by property that was in the "care, custody, or control" of Plaintiff. Exclusion (20) of the MGL Policy excludes coverage for any damage to property rented to Plaintiff. Further, Exclusion (5) of the MGL Policy excludes from coverage damage to property arising out of the operation of any watercraft chartered to Plaintiff.

Under its contract with Creole Chief, Plaintiff assumed liability for damages to the two barges. Exclusion (A) of the P&I Policy, Exclusion (5) of the Bumbershoot

---

[2] The facts recounted in this section are derived from the Statement of Material Facts as to Which There Is No Genuine Issue to Be Tried (Doc. 28-3) filed by Defendant in connection with its Motion for Summary Judgment. Because Plaintiff did not oppose the Motion, the Court accepts as undisputed the facts stated by Defendant. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

Policy, and Exclusion (2) of the MGL Policy exclude from coverage any liability assumed by Plaintiff.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record [–] including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, [and] interrogatory answers" – or by averring that an adverse party cannot produce admissible evidence to support the presence of a genuine dispute. Fed. R. Civ. P. 56(c)(1).

"[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted). When the non-movant fails to file a memorandum in opposition to a motion for summary judgment, a court may accept as undisputed the facts that the movant submits in support of its motion. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

In sum, summary judgment is appropriate if, "after adequate time for discovery and upon motion, [the non-movant] fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the non-movant fails to file a memorandum in opposition to a motion for summary judgment, a court may grant the motion if the movant's "submittals ma[k]e a *prima facie* showing of its entitlement to judgment." *Eversley*, 843 F.2d at 174 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Anderson*, 477 U.S. 242; *Celotex*, 477 U.S. 317).

## III. DISCUSSION

The Court finds that the facts submitted by Defendant in support of its Motion make out a "*prima facie* showing of its entitlement to judgment" and that, given the lack of opposition by Plaintiff, Defendant is entitled to summary judgment on Plaintiff's claims. *Id.* Defendant has demonstrated that exclusions contained in the three policies under which it insured Plaintiff exclude liability for the incident that is at issue in this case. The barges were not listed on the P&I Policy's and the Bumbershoot Policy's Schedule of Vessels, and therefore coverage is excluded for those barges under those policies. Additionally, because the barges were chartered by Plaintiff from Creole Chief, damage to those barges is excluded by Exclusion (D) of the P&I Policy, Exclusion (3) of the Bumbershoot Policy, and Exclusion (20) of the MGL Policy. Damage to the MSC Dock caused by the barges, due to their chartered status, is excluded by Exclusion (D) of the P&I Policy, Exclusion (3) of the Bumbershoot Policy, and Exclusion (5) of the MGL Policy. Further, because Plaintiff

assumed liability for damage to the barges under its contract with Creole Chief, Exclusion (A) of the P&I Policy, Exclusion (5) of the Bumbershoot Policy, and Exclusion (2) of the MGL Policy exclude coverage for any such liability. *See Thermo Terratech v. GDC Enviro-Solutions, Inc.*, 265 F.3d 329, 334 (5th Cir. 2001) ("When the language of an insurance policy is clear, it must be enforced as written.").

Plaintiff has not opposed the Motion and therefore has not put forth any facts to dispute the application or interpretation of these exclusions and, consequently, to "show[] that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. Therefore, the Court finds that Defendant is entitled to summary judgment. *Eversley*, 843 F.2d at 174.

IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the **Motion of Travelers Property Casualty Company of America for Summary Judgment (Doc. 28)** is **GRANTED**.

**IT IS FURTHER ORDERED** that **Plaintiff's claims** are **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this 17th day of February, 2017.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA